UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

TAURON HENDERSON,                          :

        Plaintiff                              :   CIVIL ACTION NO. 3:23-1126

    v.                                            :   (JUDGE MANNION)

PENNSYLVANIA DEPARTMENT
OF CORRECTIONS, *et al.*,                  :

        Defendants                             :

## MEMORANDUM

Presently before the court in this prisoner civil rights case are defendants' motions to dismiss plaintiff's complaint. For the reasons set forth below, the motions will be granted, and plaintiff will be granted leave to file an amended complaint.

### I. BACKGROUND

Plaintiff, Tauron Henderson, who has been incarcerated in Dallas State Correctional Institution ("SCI-Dallas") at all relevant times, brings the instant case pursuant to 42 U.S.C. §1983, alleging that defendants are violating his constitutional rights by failing to provide adequate treatment for his substance abuse. (Doc. 1).

According to the allegations in the complaint, Henderson is a "recovering addict" who has abused "controlled substances" for many years. (*Id.* at 5). The complaint asserts that the defendants—the Pennsylvania Department of Corrections and various officials and medical personnel employed at SCI-Dallas—have denied him proper medical treatment for his addiction. (*Id.*) Henderson's complaint fails to provide any factual allegations to support this assertion, such as when he requested treatment or which defendants denied him treatment. (*See id.*) The complaint asserts claims for deliberate indifference in violation of the Eighth Amendment and various other civil rights and state tort claims arising from defendants' purported denial of medical care. (*See id.*)

Defendants Harrison, Koretz, and Prince moved to dismiss the complaint through two separate motions on October 10, 2023. (Docs. 19-20). All other defendants moved to dismiss the complaint on November 9, 2023. (Doc. 24). The court has granted plaintiff several extensions of time to respond to the motions, most recently extending the deadline for him to do so to October 31, 2024. (Doc. 35). To date, however, the court has not received briefs in opposition to any of the three pending motions to dismiss. The motions are accordingly ripe for the court's review because the deadline for plaintiff to oppose the motions has expired.

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) authorizes dismissal of a complaint for "failure to state a claim upon which relief may be granted." Under Rule 12(b)(6), the court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009 (quoting *Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008)). While a complaint need only contain "a short and plain statement of the claim, Fed. R. Civ. P. 8(a)(2), and detailed factual allegations are not required, *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007), a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) (quoting *Twombly*, 550 U.S. at 556). "[L]abels and conclusions" are not enough, *Twombly*, 550 U.S. at 555, and a court "is not bound to accept as true a legal conclusion couched as a factual allegation." *Id.*

In resolving a motion to dismiss, the court thus conducts "a two-part analysis." *Fowler*, 578 F.3d at 210. First, the court separates the factual

3

elements from the legal elements and disregards the legal conclusions. *Id.* at 210-11. Second, the court determines "whether the facts alleged in the complaint are sufficient to show that the plaintiff has a plausible claim for relief." *Id.* at 211 (quotations omitted).

Courts must liberally construe complaints brought by *pro se* litigants. *Sause v. Bauer*, 585 U.S. 957, 960 (2018). *Pro se* complaints, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

### III. DISCUSSION

Henderson's civil rights claims are filed pursuant to 42 U.S.C. §1983. Section 1983 authorizes redress for violations of constitutional rights and provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. §1983. Thus, to establish a successful claim under Section 1983, a plaintiff must demonstrate that the challenged conduct was committed by a person acting under color of state law and deprived the plaintiff of rights,

4

privileges, or immunities secured by the Constitution or laws of the United States. *Lake v. Arnold*, 112 F.3d 682, 689 (3d Cir. 1997). By its terms, Section 1983 does not create a substantive right, but merely provides a method for vindicating federal rights conferred by the United States Constitution and the federal statutes that it describes. *Baker v. McCollan*, 443 U.S. 137 (1979).

Henderson's claims in the instant case plainly fail to satisfy the pleading requirements of *Twombly* and *Iqbal*. He avers that defendants have failed to provide medical treatment for his substance abuse, but his complaint is completely devoid of any factual allegations in support of this assertion. Under *Twombly* and *Iqbal*, a complaint must offer more than "labels and conclusions," "a formulaic recitation of the elements of a cause of action," or "naked assertions devoid of further factual enhancement" to state a claim upon which relief may be granted. *Iqbal*, 556 at 678 (internal quotation marks omitted) (quoting *Twombly*, 550 U.S. at 555, 557). Henderson's conclusory assertions of denied medical treatment by defendants clearly fail to meet this standard. He has not alleged any facts "that allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," such as when he requested treatment, how the treatment was denied, which defendants denied the treatment, or how any other defendants were

personally involved in the alleged denial. The court will therefore grant defendants' motions to dismiss and dismiss Henderson's complaint for failure to state a claim upon which relief may be granted because he "has not 'nudged his claims' . . . 'across the line from conceivable to plausible.'" *Id.* at 680 (internal alterations omitted) (quoting *Twombly*, 550 U.S. at 555).

Before dismissing a civil rights complaint for failure to state a claim upon which relief may be granted, a district court must permit a curative amendment unless the amendment would be inequitable or futile. *Phillips*, 515 F.3d at 245. The court will grant Henderson leave to file an amended complaint because the court cannot conclude as a matter of law, at this stage, that amendment of his claims would be unjust or futile.

## IV. CONCLUSION

For the foregoing reasons, the court will grant defendants' motions to dismiss and grant Henderson leave to file an amended complaint. An appropriate order shall issue.

Malachy E. Mannion
United States District Judge

Dated: 11/6/24
23-1126-01