## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **TAURON HENDERSON,** | : | |
| | : | |
| **Plaintiff** | : | **CIVIL ACTION NO. 3:23-1126** |
| | : | |
| **v.** | : | **(JUDGE MANNION)** |
| | : | |
| **PENNSYLVANIA DEPARTMENT** | | |
| **OF CORRECTIONS, *et al.*,** | : | **FILED** |
| | | **SCRANTON** |
| **Defendants** | : | JUL 0 2 2025 |

PER ___*JKC*___
DEPUTY CLERK

## MEMORANDUM

This is a prisoner civil rights case filed pursuant to 42 U.S.C. §1983. For the reasons set forth below, the case will be dismissed with prejudice for plaintiff's failure to prosecute.

### I.    BACKGROUND

Plaintiff, Tauron Henderson, alleges that defendants are violating his civil rights by failing to provide adequate treatment for his substance abuse. (Doc. 1). On November 6, 2024, the court granted defendants' motions to dismiss, dismissed Henderson's complaint without prejudice, and granted Henderson leave to file an amended complaint within thirty days, or no later than December 6, 2024. (Docs. 36-37). Henderson did not file an amended complaint by that deadline, but prior to the deadline defendants moved to

stay the case pursuant to 11 U.S.C. §362 because of an ongoing bankruptcy proceeding filed by Wellpath Holdings, Inc. ("Wellpath"), and its affiliated companies in the United States Bankruptcy Court for the Southern District of Texas ("the bankruptcy court"). (Doc. 38). The court granted the motion to stay and stayed and administratively closed the case on February 6, 2025. (Doc. 39). On February 19, 2025, the copy of the court's order that was mailed to Henderson was returned to the court as undeliverable, with a notation indicating that no forwarding address for Henderson was known. (Doc. 40). Henderson has previously been given notice that he is obligated to inform the court of any changes to his mailing address. (Doc. 5 at 1).

On May 30, 2025, defendants provided a status report in which they represent that the automatic stay no longer applies to this case in light of a May 1, 2025, order from the bankruptcy court approving Wellpath's Chapter 11 plan of reorganization. *See* (Doc. 41); *see also In re Wellpath Holdings, Inc.*, No. 24-90533, Doc. 2596 (Bankr. S.D. Tex. May 1, 2025). The court will accordingly lift the stay. In light of Henderson's failure to file an amended complaint and failure to keep the court informed of his current mailing address, however, the court will analyze whether dismissal of the case for Henderson's failure to prosecute is appropriate.

## II.    DISCUSSION

Federal Rule of Civil Procedure 41(b) allows for the dismissal of an action for "failure of the plaintiff to prosecute or comply with these rules or order of court." Fed. R. Civ. P. 41(b). When determining whether to dismiss a case for failure to prosecute under Rule 41(b), the court must balance the factors set forth in *Poulis v. State Farm Fire and Casualty Co.*, 747 F.2d 863 (3d Cir. 1984). These factors include:

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

Id. at 868. Not all of the Poulis factors must be satisfied in order for a court to dismiss a complaint. *See Mindek v. Rigatti*, 964 F.2d 1369, 1373 (3d Cir. 1992).

The first three *Poulis* factors weigh in favor of dismissing this case. First, because Henderson is proceeding pro se, he is personally responsible for his failure to comply with the court's orders. *Emerson v. Thiel Coll.*, 296 F.3d 184, 191 (3d Cir. 2002). Second, his failure to update his address causes prejudice to defendants by delaying resolution of the case. *Manuel v. Harry*, No. 1:20-CV-2309, 2021 WL 602723, at *2 (M.D. Pa. Feb. 16,

3

2021). Third, Henderson has shown a history of dilatoriness by failing to update his address and failing to file an amended complaint by the court-imposed deadline. *Id.*

The court finds that the fourth and fifth *Poulis* factors—whether plaintiff's conduct was willful or in bad faith and the effectiveness of sanctions other than dismissal—also weigh in favor of dismissal. First, his failure to abide by court orders demonstrates a willful disregard for procedural rules and court directives. Second, because the court does not have a current mailing address for him and thus cannot meaningfully enforce any other sanctions against him at this time, the court is without any viable alternative to dismissal. The sixth and final factor, the meritoriousness of Henderson's claim, also weighs in favor of dismissal. As noted above, Henderson's complaint has been dismissed without prejudice for failure to state a claim upon which relief may be granted and he has not filed an amended complaint to cure the defendants in the complaint. (Docs. 36-37).

Upon balancing the Poulis factors, the court finds that they weigh heavily in favor of dismissal. In light of plaintiff's failures to comply with court orders, we will dismiss this action with prejudice. *See Hamer v. LivaNova Deutschland GmbH,* 994 F.3d 173, 177 n.3 (3d Cir. 2021) ("District courts have authority under Rule 41(b) of the Federal Rules of Civil Procedure to

4

dismiss claims with prejudice for failure to comply with a court order."). However, because the court has not previously given Henderson notice that the case may be dismissed for his failure to prosecute, the court will automatically reopen the case without Henderson having to file a formal notice pursuant to Federal Rules of Civil Procedure 59 or 60 if he updates his address within thirty days of this decision.

## III.   CONCLUSION

For the foregoing reasons, the court will dismiss this case with prejudice for plaintiff's failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). An appropriate order shall issue.

**s/Malachy E. Mannion**
**Malachy E. Mannion**
**United States District Judge**

**Dated:** **7/1/2025**
23-1126-02

5